IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARDO ORTIZ, )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>WEXFORD HEALTH SOURCES, INC., )<br>DR. CHRISTIAN OKEZIE, )<br>DR. EVARISTO AGUINALDO, )<br>and DAVID GOMEZ, )<br>)<br>      Defendants. ) | Case No. 21 C 1765 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      Bernardo Ortiz, who at the relevant time was imprisoned at Stateville Correctional Center, has sued two prison physicians, their employer Wexford Health Sources, Inc., and Stateville warden David Gomez, alleging inadequate and delayed treatment for a knee injury. The defendants moved for summary judgment on the ground that Ortiz failed to fully and properly exhaust the prison grievance process before filing suit. A number of the facts relevant to the exhaustion defense are undisputed, but some were, so the Court held an evidentiary hearing on the defense. This constitutes the Court's findings and conclusions.

      The Court briefly summarizes Ortiz's claim as follows. In early December 2017, Ortiz fell while descending a stairway and landed on his knees. This caused significant knee pain and swelling, particularly to his left knee. He requested treatment and was prescribed pain medication and allowed to use crutches. But his pain continued to

worsen. In late December 2017, Ortiz asked Dr. Christian Okezie to approve a further evaluation including an MRI of the left knee. The request was denied. Mr. Ortiz kept requesting additional treatment because what he was getting was inadequate. He was seen during 2018 by Dr. Okezie and Dr. Evaristo Aguinaldo. Ortiz alleges that they declined to prescribe different or additional treatment. Ortiz fell on stairs again in January 2019, allegedly due to his diminished mobility. He landed on his knee again, causing further injury and resulting pain. He says he was again denied further or different treatment by Drs. Okezie and/or Aguinaldo. An MRI was finally okayed in or around April 2019. It showed that Ortiz had a torn meniscus and a torn ACL. Ortiz alleges that if he had gotten proper treatment (including an MRI) sooner, significant pain and further injury could have been prevented or avoided. He also alleges that Drs. Okezie and Aguinaldo acted pursuant to Wexford policies that discouraged referrals for outside treatment. Ortiz's claim against Warden Gomez is that Gomez likewise refused his requests for treatment.

As indicated, the defendants contend that Ortiz failed to properly and completely exhaust the grievance process. In their summary judgment motion, they contended that Ortiz filed only one grievance about the treatment of his knee, on May 15, 2018. This grievance, they contend, did not identify Dr. Okezie, Dr. Aguinaldo, or Warden Gomez by name, and it said nothing about any Wexford policies. The defendants stated that this grievance was denied on January 23, 2019 and that Ortiz filed no appeal until about four months later, in late May 2019, which was untimely under applicable grievance procedures, which require an appeal within 30 days. These deficiencies, the defendants contend, require dismissal of Ortiz's claims against them.

The Prison Litigation Reform Act requires an imprisoned person to exhaust "such administrative remedies as are available" before filing suit. 42 U.S.C. § 1997e(a). When a prisoner claims an ongoing violation of his rights, one occurrence of notice is sufficient. *See, e.g., Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Failure to exhaust is an affirmative defense on which the defendants bear the burden of persuasion. *See, e.g., Gooch v. Young*, 24 F.4th 624, 628 (7th Cir. 2022).

The defendants have failed to carry their burden of persuasion. The record is clear that Ortiz actually filed at least two and likely three grievances concerning the treatment of his knee, not just done. The first was the May 15, 2018 grievance that the defendants cite. But the evidence shows he filed two more that were lost by the authorities. Specifically, IDOC counseling summaries reflect that prison staff received grievance number 4821 on July 5, 2018 and grievance number 6045 on September 11, 2018. It's clear that at least one of those concerned Ortiz's knee, as the counseling summaries indicate that the September grievance was "ADA"-related, and the *only* ADA-type issue involving Ortiz was his impaired mobility resulting from his knee injuries. There is no contrary evidence on that. And it's highly likely that the July grievance also concerned Ortiz's knee, as it related to "medical" issues, and the knee was plainly Ortiz's key medical issue at the time. The Court also notes that it took prison staff *over eight months* to respond to the one grievance that they did not lose—the May 15, 2018 grievance—and in that response they denied the grievance on its merits, saying that Ortiz was getting treatment. The grievance denial said nothing about any procedural deficiencies such as the failure to identify the allegedly responsible parties by name.

Given these circumstances—the extraordinary and unexplained delay of more

3

than eight months in dealing with Ortiz's first knee-related grievance and the loss of his other two 2018 grievances, at least one of which and likely both of which concerned his knee—the grievance process simply was not "available" to Ortiz as required for a failure to exhaust defense to succeed. An "available" remedy is one that is capable of use to accomplish a purpose and that is accessible or may be obtained. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). Conversely, a grievance remedy is unavailable if operates as a dead end or is so opaque that it becomes incapable of use. *See id.* at 643-44. Failure to respond to a properly filed grievance renders the remedy unavailable. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). And establishing that a grievance remedy was "available" is part of the defendant's burden of proof on an exhaustion defense. *See Gooch*, 24 F.4th at 627; *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

      The defendants have failed to show that the grievance process was available to Ortiz for his knee problems. The authorities sat on his first grievance for eight months, and they have offered—indeed, they have made no attempt to offer—any justification or explanation for this. And they lost his other two grievances. On this point, although the counseling summaries reference the June 2018 and September 2018 grievances, there is no indication that they were even responded to; they seem to have been dropped into a memory hole.

      Given these circumstances, Ortiz's failure to appeal the much-belated denial of his May 2018 grievance is of no consequence; the grievance process was *already* unavailable to him at that point. In light of the unavailability finding, the defendants' contentions regarding the form or contents of the grievances fall by the wayside. And

4

even if they don't, the contention that the May 2018 grievance was deficient due to the failure to name the two doctors, the warden, or Wexford does not carry the day given that prison authorities rejected that grievance on its merits without referencing any procedural deficiencies. *See Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011).

For these reasons, the Court overrules the defendants' PLRA exhaustion defenses and denies their motions for summary judgment [41] [43]. The Court directs counsel to confer and attempt to agree upon a schedule for completing any remaining fact discovery as well as (if applicable) expert discovery and for filing dispositive motions. A joint status report in this regard is to be filed by April 4, 2023. The Court sets the case for a telephonic status hearing on April 7, 2023 at 9:05 a.m., using call-in number 888-684-8852, access code 746-1053. The Court reserves the right to vacate the status hearing if it determines a hearing is not needed.

Date: March 26, 2023

_____
MATTHEW F. KENNELLY
United States District Judge